UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALONZO JOHNSON,<br>Petitioner, | Civil Action No. 1:07-cv-113 |
| vs. | Beckwith, J.<br>Hogan, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is now before the Court upon the petition (Doc. 2, Doc. 24), and respondent's motion to dismiss (Doc. 25), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> {¶ 2} On March 28, 2003, as a condition of bond on his pending misdemeanor charges, Johnson was sent to the CORE Respite Center, a temporary living facility in Cincinnati. Camille Smith had worked the night shift at the center for a little over a year.
>
> {¶ 3} On the third night of Johnson's stay, March 31, 2003, Smith began her shift at 12:00 midnight. At about 3:00 AM, she was sitting alone at her desk in the office when suddenly Johnson came in, holding a knife, and grabbed her. Johnson took the phone receiver and hit Smith in the head several times. Smith fought back, but Johnson continued hitting and choking her.

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

{¶ 4} Smith testified that she told Johnson, "You don't want to do this." Smith further testified, "I was bitten on my ears, on my shoulder. I was hit. I was shoved. I was thrown on the floor. And I fought him back as best I could and I kept saying no." During the struggle, Johnson ripped off Smith's skirt, hose, and underwear. Smith testified that she pleaded with Johnson not to hurt her, but that he said that "he didn't care, he wanted some and he raped me."

{¶ 5} After the rape, Johnson quickly left the center. The next day, he was arrested in downtown Cincinnati for drug possession. Johnson gave the police a false name and refused to be fingerprinted. The police searched him and found his identification card. They then realized his real identity and that he was wanted for felony rape.

{¶ 6} Before trial, Johnson's attorney filed a suggestion of incompetency, along with a plea of not guilty by reason of insanity. Dr. Robert Kurzhals, a clinical psychologist, examined Johnson and determined that he was competent to stand trial and that he did not meet the criteria for the insanity defense. Johnson's attorney waived the opportunity for a second evaluation.

{¶ 7} A jury found Johnson guilty of all three charges: rape, a first-degree felony, and obstructing official business and falsification, both misdemeanors. The court merged the two misdemeanors and sentenced Johnson to 143 days' incarceration, with 143 days credit for time served. The court then sentenced Johnson to the maximum of ten years' incarceration for the rape, finding that Johnson had committed the worst form of the offense, and that he posed the greatest likelihood of recidivism. The court also held a sexual-predator hearing and adjudicated Johnson a sexual predator.

(Doc. 25, Exh. 5 at 2-3).

### State Action – Trial

On July 13, 2003, a Hamilton County, Ohio Common Pleas jury convicted petitioner of rape with force or the threat of force, obstructing official business, and falsification. (Doc. 25, Exh. 1). Petitioner was sentenced to ten years imprisonment on the rape conviction. The offenses of obstructing official business and falsification were merged and petitioner was given

credit under those offenses for 143 days spent in the Hamilton County Justice Center. Petitioner was also found to be a sexual predator. (Doc. 25, Exh. 2).

### Timely Appeal to the First District Court of Appeals

Petitioner timely appealed to the First District Court of Appeals and presented two assignments of error. First, petitioner asserted that he was denied the effective assistance of counsel when trial counsel failed to pursue an independent expert evaluation in support of petitioner's insanity plea. (Doc. 25, Exh. 3). Second, petitioner asserted the trial court erred when it sentenced him to the maximum term of incarceration for his rape conviction. *Id.* The State filed a brief in response. (Doc. 25, Exh. 4). On July 9, 2004, the Court of Appeals affirmed the judgment of the trial court, overruling both assignments of error. (Doc. 25, Exh. 5).

### Pro Se Petitions

In the meantime, on April 12, 2004, petitioner filed a pro se petition to vacate or set aside sentence in the Hamilton County Court of Common Pleas. (Doc. 25, Exh. 6). The trial court denied the petition on April 22, 2004. (Doc. 25, Exh. 7).

On December 30, 2004, petitioner filed a pro se petition for a writ of habeas corpus in the Ohio Supreme Court. (Doc. 25, Exh. 8). On February 16, 2005, the Supreme Court of Ohio sua sponte dismissed the petition. (Doc. 25, Exh. 9).

### Motion for Delayed Appeal in the Ohio Supreme Court

On April 18, 2005, petitioner filed a *pro se* motion for delayed appeal in the Ohio Supreme Court. (Doc. 25, Exh. 10). Petitioner's motion was summarily denied by the Ohio Supreme Court on June 29, 2005. (Doc. 25, Exh. 11).

**Federal Habeas Corpus**

On February 14, 2007, petitioner, proceeding *pro se*, presented an affidavit to proceed in forma pauperis and petition for writ of habeas corpus for filing in this Court. (Docs. 1, 2). After a series of Orders and further submissions by petitioner, the petition was filed on the docket of the Court. The petition sets forth two grounds for relief with supporting facts that are quoted verbatim:

> **GROUND ONE:** 1 had ineffective assistance of counsel.
>
> **Supporting Facts:** Did not argue trail (sic) records of victims testimony. Did not represent me to Appellate Court or Ohio Supreme Court. Almost four years and New Cases argue New Trial and New Sentencing and two of my Appellate Attorneys have not attempted to contact or assist I Alonzo Johnson 455-932.
>
> **GROUND TWO:** 28 §2254 and 28 §2255 comply with 2929.14(e) to vacate, set aside or correct.
>
> **Supporting Facts:** Release Prisoner on grounds unconstitutional conviction or federal custody until review efforts in wrongful court approach 1:05-CV-695 to Habeas Corpus Six Circuit Court of Appeals.

(Docs. 2 and 24, petition at 5).

Respondent contends the petition is barred by the statute of limitations. For the reasons that follow, the Court determines that Grounds One and Two of the petition are untimely and barred by the statute of limitations. Thus, the petition should be dismissed.

4

## II. GROUNDS ONE AND TWO OF THE PETITION ARE TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Ground One of the petition seeks habeas corpus relief based on a claim of ineffective assistance of counsel either during the trial or on appeal. The Court cannot discern what petitioner's claim for relief is in Ground Two of the petition. Because nothing in the record suggests that petitioner could not discover the factual predicate of his ineffective assistance of counsel claims at the time they allegedly occurred, petitioner's claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when

petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

The Ohio Court of Appeals entered its decision on July 9, 2004. Under Ohio law, petitioner was required to file an appeal to the Supreme Court of Ohio within forty-five (45) days after the Ohio Court of Appeals' final decision on direct appeal. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. *See also Lucas v. Carter,* 46 F. Supp.2d 709, 711 (N.D. Ohio 1999). Under § 2244(d)(1)(A), petitioner's conviction became "final" on August 23, 2004, when the time expired for petitioner to file a notice of appeal in the Supreme Court of Ohio. Therefore, the statute of limitations commenced running the following day on August 24, 2004, and expired one year later on August 24, 2005, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied,* 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000). Petitioner filed his motion for delayed appeal[2] in the Supreme Court of Ohio on April 18, 2005, at which point the statute of limitations had run

---

[2] The Court notes that petitioner's motion for delayed appeal did not cause the limitations period to begin anew. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493 (6th Cir. 2005), the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted,* does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

6

for 238 days. The statute of limitations was tolled until the Supreme Court of Ohio issued its decision denying leave to appeal on June 29, 2005.[3] The limitations period resumed running on June 30, 2005 and expired 127 days later on November 3, 2005 absent any further tolling of the statute.

Petitioner filed two pro se petitions in the state courts. Petitioner's pro se petition to vacate or set aside sentence filed in the Hamilton County Court of Common Pleas on April 12, 2004 and denied on April 22, 2004 does not toll the statute of limitations since the statute had not yet commenced running.

Petitioner's pro se petition for a writ of habeas corpus filed in the Ohio Supreme Court on December 30, 2004 and dismissed on February 16, 2005, even if construed as a "properly filed application for State post-conviction" relief under Section 2244(d)(2) which tolls the statute of limitations,[4] does not prevent petitioner's complaint from being untimely. Assuming the statute of limitations was tolled for the additional 48 days this petition was pending, the statute would then expire on December 21, 2005. Petitioner's petition for writ of habeas corpus filed in this federal court on February 14, 2007 would still be untimely.

At the very latest, the statute of limitations in this matter expired on December 21, 2005.

---

[3] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. See Lawrence v. Florida, 127 S.Ct. 1079, 1082 (2007). Prior to the Supreme Court's decision in Lawrence, the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir.2003), overruled by Lawrence, 127 S.Ct. 1079. After Lawrence, however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

[4] Respondent contends the petition for writ of habeas corpus in the Ohio Supreme Court was not a properly filed post-conviction proceeding. (Doc. 25 at 7-9).

7

Petitioner's habeas corpus petition was filed in this Court on February 14, 2007, and, accordingly, it was submitted over one year too late.

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v.*

8

*Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), Grounds One and Two of the petition are time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

    1. Grounds One and Two of the petition be DISMISSED with prejudice on the grounds that they are barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

    2. A certificate of appealability should not issue with respect to Grounds One and Two of

the petition, which this Court has concluded are barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/4/07

Timothy S. Hogan
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALONZO JOHNSON,  
    Petitioner,

vs.

WARDEN, SOUTHERN OHIO  
CORRECTIONAL FACILITY,  
    Respondent.

Civil Action No. 1:07-cv-113

Beckwith, J.  
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br>Alonzo Johnson<br>455-932<br>Warren Corr. Inst.<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6516 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:07 cv 113 (Doc. 26)